THE BERTHA.

(District Court, D. Washington, N. D.  October 30, 1901.)

SEAMEN—GROUNDS FOR DISCHARGE—EXCESSIVE USE OF LIQUOR.

It is within the legal authority of the master of a ship to prohibit absolutely the use of intoxicating liquors by his subordinate officers and the members of the crew, and a mate who, after the master had remonstrated with him for his excessive use of liquor, and had forbidden the steward to furnish him any, obtained it through the connivance of a passenger, and, owing to intoxication, failed to obey an order with the required promptness, gave legal cause for his discharge before the expiration of his term of service.

In Admiralty. Libel by seaman to recover wages, and damages for wrongful discharge.

Root, Palmer & Brown, for libelant.
Gorham & Gorham, for claimant.

HANFORD, District Judge. The libelant shipped as first mate on the steamship Bertha for a voyage from Seattle to Kodiak and return, and having served in that position until he was discharged by the captain at Kodiak, where he was paid wages for the time of his actual service, is now prosecuting this suit for the recovery of the balance of his wages for one month, and expenses for his return voyage from Kodiak to Seattle, alleging as his grounds that he was wrongfully discharged. The owner of the steamship appears as claimant, and defends on the ground that the captain was justified in discharging the libelant for insubordination, in this: that he persisted in the excessive use of intoxicating beverages, rendering him unfit for the duties of his position, after the captain had remonstrated with him, and prohibited the steward from supplying him with liquor. It appears by the uncontradicted testimony and the admissions of the libelant that at the beginning of the voyage he had in his stateroom one-half gallon of whisky and one gallon of port wine, and during the voyage he took a drink whenever he wanted to, which must have been frequently, as it is shown by a fair preponderance of the testimony that he frequently appeared to be under the influence of liquor, and his supply with which he started must have been consumed within a period of 10 days. The captain, after remonstrating with the libelant for his use of liquor, gave strict orders to the steward, forbidding him to furnish the first mate with any liquor; and this prohibitory rule was evaded by the instrumentality of a passenger who purchased a bottle of whisky from the steward, and conveyed it into the mate's room, where it was afterwards found by the captain. At Tyoonick, where the vessel made a landing before arrival at Kodiak, the captain observed a small boat coming to the ship, and thereupon he ordered the mate to send a man to lower a gang plank to enable those on the boat to come on board the ship. As there was a strong current, it was necessary that the order should have been obeyed promptly, which was not done; and this neglect on the part of the mate resulted in an altercation between him and the captain, and on the following day, when the ship arrived at Kodiak, the mate was discharged, and paid his wages up to that time. The dilatoriness of the mate in obeying the captain's order was not because of any intention on his part to be disobedient, but was due to his semistupid condition caused by indulgence in his appetite for whisky, and, in connection with the previous conduct of the mate, furnished sufficient legal cause for his discharge. It is within the legal authority of the master of a ship to prohibit absolutely the use of intoxicating beverages by his subordinate officers and members of the crew, and, after the libelant had received notice that the captain had given orders prohibiting the steward from furnishing him liquor, it was a breach of discipline on his part to obtain liquor through the connivance of passengers; and his failure to obey an order with required promptness was such an aggravation of his offense as to furnish not only sufficient legal ground for his dismissal, but, in my opinion, the captain would have been derelict if he had not exercised his authority as he did.

Decree of dismissal.